IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MIGUEL LOPEZ,
        Plaintiff,

    v.

JEFFREY BEARD, et al.,
        Defendants

Case No. 3:08-cv-120-KRG-KAP

## Report and Recommendation

### Recommendation

Plaintiff filed a civil complaint while a prisoner at S.C.I. Somerset. Screening the complaint, as amended, before service pursuant to 28 U.S.C.§ 1915A, I recommend that the complaint be dismissed for failure to state a claim. See 28 U.S.C.§ 1915(e)(2)(B). Plaintiff's motions to expedite and for counsel are denied as meritless.

### Report

Plaintiff alleges that he has been incarcerated at S.C.I. Somerset since 2004, and is suffering from "full-blown HIV-AIDS". Plaintiff alleges that on two separate occasions he was improperly denied visitation with his family members, and that these denials occurred because of his medical condition. Plaintiff claims that this violates his rights under the Eighth Amendment and Fourteenth Amendment, and he seeks compensatory damages for "pain and suffering, discrimination, irreparable damages, and injuries" caused by the defendants.

According to the complaint, amended complaint, and supplemental records submitted by the plaintiff, on October 23, 2004, the plaintiff's mother and brother were denied a contact

visit with the plaintiff. They were allowed a non-contact visit, and that visit did take place. Plaintiff submitted a grievance and was advised that the denial of the contact visit was due to a clerical error in recording a misconduct plaintiff received when at S.C.I. Albion which had resulted in a temporary restriction to non-contact visitation only. That restriction had expired at the time of his mother and brother's visit, but his record had not been updated to reflect that fact. The record was corrected and the plaintiff was subsequently permitted contact visits with his mother and brother. There were apparently no further issues with respect to visitation until March 18, 2008, almost three and a half years later. On that date, plaintiff's sister and brother-in-law attempted to visit the plaintiff and were denied entry because they were not on the approved visitor's list. Plaintiff filed a grievance requesting, <u>inter alia</u>, that his sister and brother-in-law receive financial compensation for the failed visit. Plaintiff was advised that although plaintiff had submitted a Supplemental Visitor's Form with his sister and brother-in-law's names on it and that it had been approved, that information had not been entered into the visitor processing computer and thus was not available to the visiting processing officer when he made the inquiry. Accordingly, the visiting processing officer was acting in accordance with prison policy in denying the visit. Plaintiff was told that remedial procedures had been put in place by the

institution to make every reasonable attempt to ensure that this would not happen again.

As a preliminary matter, it is not alleged that four of the named defendants, Secretary Beard, Deputy Secretary Stickman, Superintendent Rozum and Chief Grievance Officer Watson had any personal involvement in the denials of either the visit or contact visit alleged in the complaint. Liability for civil rights violations of a subordinate cannot be imposed on the basis of respondeat superior. Rizzo v. Goode, 423 U.S. 362 (1976); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Possibly, plaintiff seeks to hold these defendants liable for the manner in which they responded to the administrative grievances he filed. Plaintiff does not have any independent civil right to a grievance system or to any particular substantive outcome from the grievance system[1], and his claims against these defendants must be dismissed.

The remaining defendants, Captain Papuga (2004 visit), Lieutenant Clippinger and corrections officer Alvarez (2008 visit) were involved in the actual decisions to deny in the one case a

---

1. Plaintiff unsuccessfully sought $1293.60 for his sister's airfare to visit his mother at the time of the non-contact visit in 2004. The plaintiff's sister allegedly had to fly in to visit plaintiff's mother because of her distress at the non-contact visit. Plaintiff does not allege he paid this airfare, and may not recover for the loss incurred by another person. For the 2008 incident, plaintiff proposed settling with the Pennsylvania Department of Corrections for $500 in compensation for his visitors' travel expenses, and later amended the amount sought in the grievance process to $1 million, for his emotional distress.

contact visit and in the other any visit. Plaintiff's own allegations make it clear that the two incidents were unrelated, and that defendants in each case made what at most was a clerical error. Does plaintiff nevertheless allege sufficient facts to make out a plausible claim that defendants violated the constitution?

In Kentucky Department of Corrections v. Thompson, 490 U.S. 454 (1989), the Supreme Court declined to find that "an inmate's interest in unfettered visitation is guaranteed directly by the Due Process Clause." As the Middle District of Pennsylvania observed in Flanagan v. Shively, 783 F.Supp. 922, 934 (M.D.Pa.), aff'd, 980 F.2d 722 (3d Cir.1992), cert. denied, 510 U.S. 829 (1993):

> Inmates have no constitutional right to visitation. Visitation is a privilege subject to revocation at the discretion of the Warden when necessary to ensure security and maintain order in the institution. Prison authorities have discretion to curtail or deny visitation if they deem appropriate, and no due process right is implicated in the exercise of that discretion.

In Overton v. Bazzetta, 539 U.S. 126 (2003), the Supreme Court applied the rational basis test of Turner v. Safley, 482 U.S. 78 (1987), to uphold prison regulations excluding all visits, including non-contact visits, for substance abusers and for certain classes of relatives, reiterating that:

> The very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner...freedom of association is among the rights least compatible with incarceration... Some curtailment of that freedom must be expected in the prison context.

539 U.S. 126 at 131.

The Supreme Court further stated that:

> Michigan, like many other States, uses withdrawal of visitation privileges for a limited period as a regular means of effecting prison discipline. This is **not a dramatic departure from accepted standards for conditions of confinement**.

539 U.S. 126 at 137 (my emphasis).

It can categorically be stated that two scattered denials of visitation, no matter how severe a disappointment to the inmate, do not inflict cruel and unusual punishment under the Eighth Amendment.

Plaintiff's complaint suffers from an additional flaw: he seeks compensatory damages for his emotional distress, but other than plaintiff's statement that he "believes that his medical condition has worsened as a direct result of the acts being displayed by the defendants", there are no physical injuries described or alleged in the complaint. The Prison Litigation Reform Act amended 42 U.S.C.§ 1997e(e) to provide that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Plaintiff also claims that defendants' actions in denying him a contact visit in 2004 and a visit with his sister and brother in law in 2008 violate Title II of the Americans with Disabilities Act, 42 U.S.C.§ 12131, et seq. Plaintiff's allegation that the incidents involving visitation occurred because of his HIV-AIDS and not due to clerical errors rests on two subsidiary allegations: 1)

that the loss of any visitation privileges is a special hardship on him because of his illness, and 2) in unrelated incidents with other Pennsylvania Department of Corrections personnel, plaintiff has on occasion been the recipient of unkind or insensitive remarks about persons with AIDS. Even accepting both of these allegations as true, plaintiff alleges a disability and plaintiff alleges a denial of visitation. That does not make his claim that the denial of visitation was because of his disability anything more than speculation. Any plaintiff is obliged by Fed.R.Civ.P. 8(a)(2) to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court explained in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1974 (2007), a complaint must plead **enough facts** to state a claim to relief that is **plausible** on its face." (my emphasis). As the Court of Appeals for the Third Circuit explained:

Put another way, in light of <u>Twombly</u>, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. <u>See</u> <u>Twombly</u>, 127 S.Ct. at 1965 n. 3.

<u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir.2008). Examining the many pages of documents plaintiff has submitted in support of his complaint, even accepting plaintiff's allegations as true, it is not plausible that defendants' actions can be construed as discriminating against him because of a disability. Plaintiff alleges two incidents involving different defendants who

6

made different mistakes involving visitation procedures more than three years apart, and the actions bear no conceivable relationship to any animus toward persons with AIDS.

It is telling that plaintiff does not allege any facts that plausibly assert that there is a danger to him of being denied otherwise lawful visits in the future because he has AIDS, and seeks only damages as a remedy. Individual defendants are not liable for damages under Title II of the ADA. Thomas v. Pennsylvania Department of Corrections, 2008 WL 68628 *4-5 (W.D.Pa. 2008)(Gibson, J. adopting Report and Recommendation of Hay, M.J.)(Title II of the ADA permits individual liability claims only for retaliation/coercion).

As for money damages claims under Title II of the ADA against defendants in their official capacities (i.e. against the Pennsylvania Department of Corrections), Congress can impose liability for damages on a state or state agency for violations of Title II that are also violations of the Fourteenth Amendment, see Tennessee v. Lane, 541 U.S. 509 (2004), United States v. Georgia, 546 U.S. 151 (2006), as well as for a class of conduct broader than that which violates the Fourteenth Amendment, but only where it is determined on a case by case basis that such additional imposition of liability is an appropriate, congruent, and proportional means of remedying or preventing actual violations of the Fourteenth Amendment. See Bowers v. NCAA, 475 F.3d 524, 554-55 (3d

7

Cir.2007)(holding that Eleventh Amendment immunity was validly abrogated in claim that a disabled student was discriminated against by public educational institution); compare Zied-Campbell v. Richman, 2007 WL 1031399 (M.D.Pa. 2007)(denying abrogation in claim over provision of state welfare benefits).

The only precedent relevant to an inmate claiming nonconstitutional discrimination due to his disability is the withdrawn opinion in Cochran v. Pinchak, 401 F.3d 184, opinion vacated, 412 F.3d 500 (3d Cir.2005). In Cochran, the Court of Appeals explained why abrogation is not appropriate for inmate Title II claims not involving allegations of conduct which violates the constitution. Cochran was withdrawn in the expectation that United States v. Georgia might alter the legal framework for analyzing ADA claims against states, but Cochran's analysis is unaffected by United States v. Georgia. For the reasons discussed in Judge Aldisert's majority opinion in Cochran, I hold inmate Title II ADA claims which do not independently allege violations of either the Eighth Amendment or Fourteenth Amendment do not abrogate Pennsylvania's Eleventh Amendment immunity. Because there is no question that plaintiff's allegations concerning visitation do not rise to the level of a constitutional violation, any ADA damages claims based on them cannot be maintained against defendants in their official capacities.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: August 1, 2018

/s/ Keith A. Pesto
Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

    Miguel A. Lopez, EY-2341
    S.C.I. Somerset
    1600 Walters Mill Road
    Somerset, PA 15510